**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

GEORGE W. SEBOLT,                                    Civil Action No. _____

        Plaintiff,

        v.

MARY & ALEXANDER LAUGHLIN
CHILDREN'S CENTER d/b/a
LAUGHLIN CHILDREN'S CENTER,

        Defendant.                                    JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, George W. Sebolt, by undersigned counsel, files this Complaint, and in support thereof, avers as follows:

### I.    Jurisdiction

1.    The jurisdiction of this Court is invoked pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §626(c)(1); and 28 U.S.C. §§ 1331 and 1343(a)(4).

### II.    Venue

2.    Venue is proper in the Western District of Pennsylvania, in that this action arises out of events that occurred in Allegheny County.

### III.    Administrative Exhaustion

3.    Plaintiff has satisfied all procedural and administrative requirements set forth in 42 U.S.C. §12102, *et seq*. in that:

    a.    On or about February 24, 2025, Plaintiff filed a timely Charge of Discrimination alleging age discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC), which was cross-filed as a complaint with the Pennsylvania Human Relations Commission (PHRC).

b.      Plaintiff received a Dismissal and Notice of Rights from the EEOC dated August 1, 2025.

c.      This case was filed within 90 days of receipt of the EEOC Dismissal and Notice of Rights.

## IV.    The Parties

4.      Plaintiff, George W. Sebolt, is an adult individual residing in Allegheny County, Pennsylvania.

5.      Defendant, Mary & Alexander Laughlin Children's Center d/b/a Laughlin Children's Center, has its principal place of business located at 424 Frederick Avenue, Sewickley, Pennsylvania 15143.

6.      At all times relevant hereto, Defendant is and was an employer within the meaning of the ADEA, 29 U.S.C. §630(b), in that it is engaged in an industry affecting interstate commerce and employs more than 20 employees.

7.      At all times relevant hereto, Defendant acted or failed to act by and through its duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

## V. Factual Background

8.      Plaintiff started working for Defendant on January 6, 2020 and held the position of Executive Director.

9.      In September 2021, during a phone call Plaintiff had with Board Secretary Natalie Mueller, she stated that both Jerry Gaughan (Director of Development) and Plaintiff were "outdated" and "old".

10.     Plaintiff reported the conversation to then-Board President Kris Westerhoff and requested her to address the illegal comments with Ms. Mueller.

11.     Ms. Westerhoff was reluctant to do so.

12.     After that phone call, Ms. Mueller became difficult to work with and started being critical of Mr. Gaughan and Plaintiff, even though there was broad support from the Board and the Center was performing at a high level.

13.     In Spring 2023, Ms. Mueller was once again very critical of Mr. Gaughan in a Board meeting to the point where a staff member noted it to Plaintiff.

14.     Plaintiff then spoke to the new Board President, Courtney Jones, and related the history of Ms. Mueller's ageist comments and conduct in the hope that she would address Ms. Mueller's behavior.

15.     Ms. Jones replied that because she was a friend of Ms. Mueller and her neighbor, she did not want to address this issue with her.

16.     Subsequently, Ms. Jones began to exclude Plaintiff from budget and strategic planning meetings in which he would normally participate.

17.     Moreover, Ms. Mueller was very critical of Mr. Gaughan and Plaintiff at times, even though the Center continued to perform very well under Plaintiff's leadership.

18.     In September 2024, Ms. Jones presented Plaintiff with his annual evaluation, which had input by Ms. Mueller, a member of the personnel committee.

19.     To Plaintiff's surprise, there were several below average ratings on Plaintiff's annual evaluation despite the record high level of performance of the Center.

20.     This evaluation was the first one that rated Plaintiff as below average.

21.     As a result of the below average evaluation rating, Plaintiff was denied an annual bonus of $5,000 and related 10% retirement contribution and received a salary increase of only .8% when the average salary increase for the staff was 4%.

22.    In October 2024, over the course of three phone calls from October 11-16, Nominating Committee Chair Marilyn Newton informed Plaintiff that the committee will be recommending Ms. Mueller as the next Board President.

23.    In response to the news, Plaintiff expressed concerns to Ms. Newton regarding Ms. Mueller being suited to be Board President and relayed the above ageist comments and conduct by her.

24.    Plaintiff was thorough in expressing Plaintiff's concerns about Ms. Mueller's age discrimination towards Mr. Gaughan and him.

25.    Ms. Newton informed Plaintiff that she would raise the matter with Ms. Mueller and ask her whether she could work with Plaintiff moving forward.

26.    On October 23, 2024, Plaintiff had a discussion with Board Treasurer Rob Rossi regarding Plaintiff's concerns with Ms. Mueller becoming the next Board President, given her ageist comments and conduct.

27.    Mr. Rossi relayed to Plaintiff that he did not want to see either Mr. Gaughan or Plaintiff leave the Center.

28.    On October 31, 2024, Ms. Newton called Plaintiff and said that she had spoken with Ms. Mueller who professed her willingness to work with both Mr. Gaughan and Plaintiff when she becomes Board President in January 2025.

29.    On November 4, 2024, Ms. Jones and Board Vice President John Nicodemo informed Plaintiff that the Board will not be extending Plaintiff's employment agreement past the expiration date of January 5, 2025.

30.    Plaintiff asked for a reason for not extending his contract.

31.    Ms. Jones and Mr. Nicodemo told Plaintiff there was no reason.

32.     Later in the meeting, Mr. Nicodemo told Plaintiff that Defendant was "going to move in a new direction."

33.     Ms. Jones falsely told Plaintiff that there was a unanimous vote not to retain Plaintiff.

34.     On November 7, 2024, Mr. Rossi informed Plaintiff that Ms. Mueller and Ms. Jones called him the prior week to do a vote of "no confidence" and end Plaintiff's employment, without any explanation or justification.

35.     The meeting to vote on ending Plaintiff's employment occurred on October 29, 2024, two days before Ms. Newton's reassurance to Plaintiff that the Center would continue Plaintiff's employment.

36.     On November 7, 2024, Mr. Rossi told Plaintiff that he expressed to Ms. Mueller and Ms. Jones his disagreement with their suggested course of action and his strong support of Plaintiff, especially in light of the strong performance of the Center's metrics, and that Plaintiff should be promoted, not separated.

37.     Mr. Rossi further told Plaintiff that he voted to retain Plaintiff and disagreed with Plaintiff's evaluation rating, lack of bonus and miniscule raise.

38.     At the end of the call, Mr. Rossi relayed that he planned to leave the Board at the end of 2024 given Ms. Mueller and Ms. Jones clear intention not to renew Plaintiff's employment contract.

39.     On November 15, 2024, the Board voted Ms. Mueller to become Board President beginning in January 2025.

40.     Plaintiff's employment terminated on January 5, 2025 when Plaintiff was 58 years old.

41.     Defendant terminated Plaintiff under conditions giving rise to an inference of age discrimination.

42.     Defendant replaced Plaintiff with an individual who did not engage in protected activity.

**Count I**
**ADEA Discrimination**

43.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 42 as if fully restated herein.

44.     Defendant terminated Plaintiff because of his age, 58, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

45.     Defendant terminated Plaintiff under conditions giving rise to an inference of age discrimination.

46.     Defendant's violation of the ADEA was willful.

47.     As a direct result of Defendant's discriminatory actions in violation of the ADEA, Plaintiff has lost wages and other economic benefits of his employment with Defendant, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Plaintiff demands judgment as follows:

a.     That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the ADEA;

b.     That Defendant be ordered to reinstate Plaintiff into the position he occupied prior to January 5, 2025, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

c.     That Defendant be required to compensate Plaintiff for the full value of wages he would have received had it

not been for Defendant's illegal treatment of Plaintiff, with interest from January 5, 2025, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

d.    That Defendant be required to provide Plaintiff with front pay if the Court determines reinstatement is not feasible;

e.    That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff' normal retirement date;

f.    That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

g.    That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §626(b) and 216(b);

h.    That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by the ADEA;

i.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

j.    That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count II
## ADEA Retaliation

48.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 47 as if fully restated herein.

49.    Defendant retaliated against Plaintiff because of his complaints of age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

50.    Defendant replaced Plaintiff with an individual who did not engage in protected activity.

51.    Defendant's violation of the ADEA was willful.

52.    As a direct result of Defendant's discriminatory actions in violation of the ADEA, Plaintiff has lost wages and other economic benefits of his employment with Defendant, in addition to suffering extreme emotional distress, depression, and like conditions.

WHEREFORE, Plaintiff demands judgment as follows:

a.    That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the ADEA;

b.    That Defendant be ordered to reinstate Plaintiff into the position he occupied prior to January 5, 2025, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

c.    That Defendant be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from January 5, 2025, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

d.    That Defendant be required to provide Plaintiff with front pay if the Court determines reinstatement is not feasible;

e.    That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff' normal retirement date;

f.    That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

g.    That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing

Plaintiff as provided by 29 U.S.C. §626(b) and 216(b);

h.    That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by the ADEA;

i.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

j.    That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted:

*/s/ Colleen E. Ramage*
Colleen E. Ramage
PA I.D. No. 64413

Nikki Velisaris Lykos
PA I.D. No. 204813

**RAMAGE LYKOS, LLC**
525 William Penn Place
28th Floor Pittsburgh, PA  15219
(412) 325-7700

cramage@ramagelykos.law
nlykos@ramagelykos.law

Attorneys for Plaintiff